**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MICHAEL S. STRINGER, | ) | |
| | ) | |
| Petitioner, | ) | 3:12-cv-00207-ECR-VPC |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| RENE BAKER, | ) | |
| | ) | |
| Respondent. | ) | |

This is an action on a petition for a writ of habeas corpus. Petitioner has paid the filing fee for this action. (Docket #4). The petition shall now be filed and served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner also moves for appointment of counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education

as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition raises a single claim in this case which is not especially complex. Also, the Court notes from the petition that petitioner has submitted to the Court, that he is able to present matters to the Court in an organized and understandable manner. Petitioner's motion shall be denied.

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE and ELECTRONICALLY SERVE** the petition and motion for counsel (Dockets #1-1 and #1-2) upon the respondents.

**IT IS FURTHER ORDERED** that the motion for counsel is **DENIED.**

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any Statement of Additional Claims. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

1    **IT FURTHER IS ORDERED** that any state court record exhibits filed by respondents
2 herein shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The
3 CM/ECF attachments that are filed shall further be identified by the number or numbers (or letter or
4 letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits
5 shall be forwarded – for this case – to the staff attorneys in Reno.
6    Dated this 16th day of May, 2012.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE