**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

MICHAEL S. STRINGER,          )
                              )
          Petitioner,         )   3:12-cv-00207-LRH-VPC
                              )
vs.                           )
                              )   ORDER
RENE BAKER, *et al.*          )
                              )
          Respondents.        )

This is an action on a petition for a writ of habeas corpus with petitioner proceeding without counsel. Before the Court is respondents' motion to dismiss (ECF No. 10), petitioner's response and renewed motion for counsel (ECF Nos. 18 and 19) and respondents' reply (ECF No. 20). The motion to dismiss shall be granted, rendering the motion for counsel moot.

**I.   Procedural History**

Petitioner was convicted on December 20, 1990, on the following counts: first degree murder with the use of a deadly weapon, conspiracy to commit murder, two counts of discharging a firearm into a building and accessory to murder. Ex. 92.[1] He was sentenced to two consecutive terms of life with the possibility of parole on count I, three consecutive terms of six years on counts II-IV and a concurrent term of five years on count V. *Id.*

Petitioner appealed and the Nevada Supreme Court affirmed his conviction and sentence on July 2, 1992. Ex. 96. Thereafter, on September 16, 2010, petitioner filed a petition for post-conviction review in the state district court. Ex. 103. Petitioner raised a single ground for relief, claiming that the

---

[1] The exhibits referenced in this Order were submitted by respondents in support of their motion to dismiss and are found in the Court's docket at ECF Nos. 11-16.

Nevada Department of Corrections (NDOC) was not following the terms of the judgment of conviction by refusing to refer him to the parole board. *Id.* at 5. The petition was denied on October 19, 2011, and petitioner appealed. Exs. 105, 106. The Nevada Supreme Court affirmed on March 7, 2012, finding that petitioner had not stated a cognizable habeas claim. Ex. 112. Remittitur issued on April 2, 2012. Ex. 113.

The federal petition was received by this Court on April 12, 2012. ECF No. 6. Petitioner again raises a single claim that his Sixth and Fourteenth Amendment rights have been violated by the NDOC for their failure to refer him for a parole hearing. The claim reads:

> Petitioner was sentenced, according to his judgment of conviction, to a sentence of life with the possibility of parole. Petitioner has been denied the "possibility" of parole. The state is required to follow the judgment of conviction. In order to [undecipherable] to the judgment of conviction, the state must submit the petitioner to the parole board for review, thereby allowing him the possibility to receive a parole. The Board cannot do it on its own, it does not have the power to bring a prisoner in front of the Board, only the power to consider them for possible parole when they are submitted. The Department of Corrections is refusing to following the judgment of conviction and give him the only conceivable avenue to the possibility of parole which is to submit him for the consideration of parole. By refusing to submit him for this consideration, they are changing what his sentence is and denying him his constitutional rights to counsel and due process.

Petition (ECF No. 6) at 3. The respondents move to dismiss.

## II. Discussion

Respondents move to dismiss the petition as untimely and unexhausted. They note that petitioner allowed a total of 6,925 days of untolled time to expire between the time his conviction became final and the time he filed his state post-conviction petition.

### A. Legal Standard - Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner who was unsuccessful on direct appeal can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

Based on the foregoing, petitioner's conviction became final on September 30, 1992, ninety days after the Nevada Supreme Court affirmed his conviction on direct appeal. Ex. 96. He had until October 1, 1993, to file his federal habeas petition under 28 U.S.C. § 2244(d). He did not file any other request for review until he filed his post-conviction petition on September 16, 2011. Thus, the one year limitations period had long expired and the petition must be dismissed unless petitioner provides some reason that the limitations period should be tolled.[2]

The AEDPA limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is

---

[2] Petitioner allowed an additional ten days to expire between the issuance of remittitur on post-conviction appeal on April 3, 2012, to the date he submitted his federal petition on April 12, 2012.

3

available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

Petitioner fails to provide any argument to rebut the respondents' calculations or to suggest reasons why the limitations period should be tolled during the nearly ten-year period he allowed to expire. Rather, he argues the merits of his claim. Petitioner argues that because the judgment of conviction says nothing of a date on which petitioner is to be considered eligible for parole, he is eligible at any time. He further argues that the statute to which respondents referred in their motion to dismiss (*see* Motion to Dismiss, (ECF No. 10), p. 5, n 3), 1995 Nev. Stats., Ch. 443, § 44, p. 1181-82, was not in effect at the time he was sentenced and that it is not relevant to his particular sentence or judgment of conviction. The merits of petitioner's claim are not subject to review under the circumstances present here. 28 U.S.C. § 2244(d). These arguments are unpersuasive as a reason to stop the limitations clock.

B.     Exhaustion

Respondents also argue that the claim is unexhausted because the Nevada Supreme Court did not address the claim on its merits and denied it as non-cognizable. *See* Ex. 112.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[3] State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the

---

[3] 28 U.S.C. § 2254(b) states, in pertinent part:
>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>* * *
>
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

4

United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66.  The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001).  Additionally, a pro se petitioner may exhaust his claim by citing to State case law which applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue").

"[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam)(quoting *Picard v. Connor,* 404 U.S. 270, 2755 (1971) (internal quotations and brackets omitted)).  A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claims: (1) to the proper forum, *see* 28 U.S.C. § 2254(c), (2) through the proper vehicle, *see Castille v. Peoples,* 489 U.S. 34, 351 (1989), and (3) by providing the proper factual and legal basis for the claim, *see Weaver v. Thomspon,* 197 F.3d 359, 364 (9th Cir. 1999).

When the claim was not considered on its merits because the Nevada Supreme Court found it was not a claim properly presented on post-conviction review, it was not exhausted under *Castille*. 489 U.S. at 351.

### III. Conclusion

The petition is untimely filed and petitioner has failed to demonstrate any just reason why the period should be tolled either under the terms of the statute itself or under some equitable basis. Moreover, the sole claim presented has not been exhausted in the state courts.  The motion to dismiss shall be granted. The motion for counsel shall be denied.

Should petitioner wish to appeal this decision, he must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the motion to dismiss (ECF No. 10) is **GRANTED**. The motion for appointment of counsel (ECF No. 19) is **DENIED.** No certificate of appealability shall issue.

The Clerk shall enter judgment accordingly.

DATED this 6th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE